NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL DAVID CHAMBERS, *Petitioner*.

No. 1 CA-CR 15-0015 PRPC
FILED 2-21-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2011-007992-001
The Honorable Carolyn K. Passamonte, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

Michael David Chambers, Phoenix
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which
Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

**D O W N I E**, Judge:

**¶1**        Michael David Chambers petitions for review from the superior court's summary dismissal of his first petition for post-conviction relief.  For the following reasons, we grant review but deny relief.

**¶2**        A jury found Chambers guilty of failure to register change of address as a sex offender.  He was sentenced to 4.5 years' imprisonment, and this Court subsequently affirmed his conviction and sentence on direct appeal.

**¶3**        Chambers argues the superior court erred by: (1) admitting admissions he made to investigators without *Miranda* warnings; (2) admitting perjured testimony; (3) incorrectly instructing the jury; and (4) permitting jurors to possess cell phones during deliberations.  Chambers also argues the evidence was insufficient to establish his guilt.[1]  We deny relief on these issues because Chambers could have raised them on direct appeal.  Any claim a defendant could have raised on direct appeal is precluded.  *See* Ariz. R. Crim. P. 32.2(a).  None of the exceptions set forth in Rule 32.2(b) apply here.

**¶4**        Chambers also contends his trial counsel was ineffective by failing to move for a new trial pursuant to Rule 24.1(c)(3).  Defense counsel instead filed a motion for new trial based on Rule 24.1(c)(5), which provides that the court may grant a new trial for any reason not otherwise identified in Rule 24.1(c) that resulted in the denial of a fair and impartial trial.  The motion for new trial asserted that: jurors coerced, intimidated, misinformed, belittled, and pressured juror number 3 to return a guilty verdict; two jurors used cell phones to send texts or emails while in the jury room; and some jurors considered the underlying sexual offense as evidence of Chambers' guilt, notwithstanding a limiting instruction.  Rather than relying on Rule 24.1(c)(3), which permits a new trial based on juror misconduct, the motion cited the more general provisions of Rule 24.1(c)(5).  Chambers argues this constituted ineffective assistance of counsel.

**¶5**        Rule 24.1(c)(3) permits a new trial based on six specified types of juror misconduct.  None of the juror-based allegations set forth in the motion for new trial fall within the six identified categories.  Under these circumstances, the defense attorney's reliance on Rule 24.1(c)(5) did not

---

[1]        Chambers raised additional issues in the superior court that he does not present for review.

constitute ineffective assistance of counsel. Furthermore, the superior court did not deny the motion for new trial because it cited the incorrect subsection of Rule 24.1. The court instead denied the motion on the merits, concluding, in pertinent part:

> The Court finds Defendant's motion, and the imbedded transcript [of defense counsel's post-trial interview of juror no. 3] focus entirely on issues of alleged juror misconduct. The allegation of coercion or intimidation and the allegation of improper use of cell phones both delve into the deliberations of jurors. Jurors' deliberative processes are outside of the scope of the Court's scrutiny under Rule 24.1(c)(3). That paragraph of the rule describes the only grounds under which the Court may examine the conduct of jurors. Defendant may not use the broad language of Rule 24.1(c)(5) to reach issues of deliberative process which were excluded under paragraph (c)(3).

The court went on to discuss the substance of the motion, making clear its denial was based on the substantive merits and not a technical failure to cite the proper subsection of Rule 24.1.

**CONCLUSION**

¶6 For the reasons stated, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA